# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:02-673-5-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Deborah Bordeaux, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the Court on the defendant's petition, pursuant to 28 U.S.C. § 2255, to vacate her conviction and sentence.

      On February 10, 2003, a jury convicted the defendant of conspiracy to unlawfully distribute or dispense a controlled substance (Count 1), intentionally distributing and dispensing a controlled substance (Counts 30-32), and conspiracy to conduct financial transactions with the intent to promote specific unlawful activities (Count 93). On February 17, 2004, the Court sentenced the defendant to 97 months imprisonment for each count to run concurrently followed by 3 years of supervised release.

      The defendant appealed her conviction and sentence. On December 1, 2005, the Fourth Circuit Court of Appeals affirmed the conviction but reversed and remanded for sentencing pursuant to the principles set forth in United States v. Booker, 125 S.Ct. 738 (2005). On March 27, 2006, the Court reduced the defendant's sentence to 24 months imprisonment followed by 3 years of supervised release. On April 24, 2006, the government appealed the sentence. On April 28, 2006, the defendant appealed the sentence. To this date, the Fourth Circuit Court of Appeals has not issued an opinion deciding the appeals.

On November 21, 2006, the defendant filed the petition to vacate her conviction and sentence, and she raises the following four claims: (1) the jury that convicted her was unconstitutionally selected and impaneled, (2) the Court abused its discretion by refusing to replace her counsel, (3) counsel was ineffective by failing to read discovery, failing to study the case and related case law, failing to prepare the defendant to testify, failing to interview the defendant's witnesses, refusing to make pretrial motions, waiting until one week before trial to hire an expert witness, and failing to correct errors in the expert witness's report, and (4) misconduct by the prosecutors by failing to correct known perjury, misstating the law, presenting false evidence, providing testifying witnesses scripts to memorize and recite in court, presenting hearsay evidence, failing to disclose a plea agreement, coercing witnesses, failing to sequester witnesses, vouching for witnesses, interfering with the adoption of the defendant's child, lying about drug quantities at sentencing, withholding discovery, calling the defendant names, arguing guilt by association, and prosecuting the defendant to prevent her from filing a Qui Tam action.

The defendant filed the petition while her direct appeal to the Fourth Circuit Court of Appeals was pending, and as of this date, the appeal remains pending. A 2255 motion is generally not heard when a direct appeal is pending. United States v. Williams, 110 F.3d 62, * 1 (4th Cir. 1997)(unpublished decision)(citing Bowen v. Johnson, 306 U.S. 19, 26-27 (1939)).[1] Consequently, the Court dismisses the petition without prejudice.

---

[1] A district court should entertain a writ for habeas corpus during the pendency of a direct appeal when the face of the record reveals that the trial court did not have jurisdiction to convict the defendant or when the need for the writ is apparent. Bowen, 306 U.S. at 27. These circumstances do not exist in this case.

AND IT IS SO ORDERED.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

April 23, 2007
Charleston, South Carolina